UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| SAKEENA RENA SMITH, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> DOLLAR GENERAL ) <br> CORPORATION, ) <br> ) <br> Defendant. ) | Case No.: 1:16-cv-1673-SGC |

## MEMORANDUM OPINION AND ORDER

Presently pending is the combined motion to amend the complaint and remand this matter to state court filed by the plaintiff, Sakeena Rena Smith. (Doc. 13). The defendant, Dolgencorp, LLC,[1] has responded (Doc. 14), and Smith has replied (Doc. 15). The parties have unanimously consented to magistrate judge jurisdiction pursuant to 28 U.S.C § 636(c). (Doc. 9). For the reasons that follow, Smith's motion to amend is due to be granted, and this matter is due to be remanded.

**I.   FACTS AND PROCEDURAL HISTORY**

This matter concerns a July 18, 2016 incident in which Smith was physically assaulted. (*See generally* Doc. 1-1). Smith filed her complaint in the Circuit Court of Calhoun County, Alabama, on September 9, 2016, asserting claims under

---

[1] Dolgencorp was incorrectly named in the complaint as "Dollar General Corporation." (Doc. 1 at 1). This order refers to the defendant as "Dolgencorp."

Alabama law for assault, battery, and negligent hiring, supervision, and training against Dolgencorp and nine fictitious parties. (*Id.* at 2-5). The complaint identifies fictitious parties A, B, and C as including the individuals that assaulted, battered, and injured Smith. (*Id.*). The complaint notes Smith was unaware of the fictitious parties' identities and states that the parties would be substituted under Rule 9(h) of the *Alabama Rules of Civil Procedure*. (*Id.* at 5).

On October 12, 2016, Dolgencorp timely removed to this court on the basis of diversity jurisdiction. (Doc. 1). The notice of removal sufficiently alleges complete diversity of citizenship between the named parties, disregarding the citizenship of fictitious parties. (*Id.* at 3-4).[2] The notice of removal also sufficiently alleges the amount in controversy is satisfied due to the complaint's allegations, the claims asserted, the availability of punitive damages, and the parties' settlement negotiations. (*Id.* at 4-5).

Following removal and the parties' consent to magistrate judge jurisdiction, the court entered a Scheduling Order providing a February 13, 2017 deadline to add parties. (Doc. 12). On January 20, 2017, the plaintiff filed the instant motion, seeking leave to amend the complaint and requesting remand to state court. As to amendment, the motion notes that Dolgencorp's initial disclosures revealed the

---

[2] Smith is a citizen of Alabama. (Doc. 1 at 3). Dolgencorp is an LLC, the sole member of which is a corporation organized under Tennessee law, with its principal place of business in Tennessee. (Doc. 1 at 2). Accordingly, Dolgencorp is a Tennessee citizen for purposes of federal diversity jurisdiction.

identity of the fictitious parties that assaulted her; they are identified as two Dolgencorp employees—Martin Sauceda and Kelley Cheshire. (Doc. 13 at 4; *see id.* at 13-19). The motion further notes that Dolgencorp's initial disclosures represented Smith's first opportunity to learn the individual defendants' identities because, soon after the assault, Dolgencorp prohibited Smith and her counsel from communicating with the business or its employees. (*Id.* at 3).

As to remand, Smith argues that because the newly-named defendants are Alabama citizens, complete diversity is lacking and this matter is due to be remanded. (Doc. 13 at 7). Smith's motion invokes 28 U.S.C. § 1447(e), under which the court has discretion to allow joinder of new parties. Dolgencorp's response and Smith's reply primarily focus on whether joinder and remand under § 1447(e) are appropriate here. (Docs. 14, 15).

As explained below, the undersigned is not convinced § 1447(e) governs resolution of the instant motion. However, regardless of the standard applied, the motion to amend is due to be granted, and this matter is due to be remanded to state court.

## II. DISCUSSION

Pursuant to § 1447, "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28

3

U.S.C. § 1447(e). Where a party seeks to add new parties that would destroy diversity jurisdiction, judges sitting in this district have noted that the court "should scrutinize the amendment more closely than an ordinary amendment and deny leave to amend unless strong equities support amendment." *Smith v. White Consol. Indus., Inc.,* 229 F. Supp. 2d 1275, 1281 (N.D. Ala. 2002) (quotation marks omitted). Courts undertaking this inquiry, which balances the defendant's interest in securing a federal forum with the preference against parallel litigation, "should consider: (1) the extent to which the purpose of the amendment is to defeat federal jurisdiction, (2) whether plaintiff has been dilatory in asking for amendment, (3) whether plaintiff will be significantly injured if amendment is not allowed, and (4) any other factors bearing on the equities." *Taylor v. Alabama CVS Pharmacy, LLC*, No. 16-1827-TMP, 2017 WL 3009695, at *7 (N.D. Ala. July 14, 2017) (quoting *Small v. Ford Motor Co,* 923 F. Supp. 2d 1354, 1356-57 (S.D. Fla. 2013)).

Again, the court is not convinced § 1447(e) governs the instant motion. The § 1447(e) analysis only applies where a plaintiff seeks to join a new defendant, not where a plaintiff merely substitutes a defendant for one previously named. *See Ingram v. CSX Transp., Inc.*, 146 F.3d 858, 861-62 (11th Cir. 1998). The undersigned agrees with a recent decision issued in this district in which the court concluded that the identification of a fictitious party is more akin to a substitution

of a party, rather than the addition of a new party. *Taylor,* 2017 WL 3009695 at *5. There, Judge Putnam reasoned that an amendment to name a previously unknown fictitious party "does not trigger the application of § 1447(e), because all that occurs is an amendment to correct a misnomer, not the joinder of a new defendant." *Id.*[3]

As noted in *Taylor*, other district courts within the Eleventh Circuit have found that "substitution of a proper non-diverse fictitious party requires remand." *Id.* at 5-6. In a decision from the Middle District of Alabama, the court held:

---

[3] As noted via footnote in *Taylor*:

It is frequently argued that fictitious-party practice is not recognized in federal court, but this is only partially correct. When a federal court is sitting in diversity jurisdiction, Fed. R. Civ. P. 15(c)(1) allows the court to apply *state* relation-back rules. *See Saxton v. ACF Indus., Inc.,* 254 F.3d 959, 963 (11th Cir. 2001); *see also Pompey v. Lumpkin*, 321 F. Supp. 2d 1254, 1258 (M.D. Ala. 2004), aff'd sub nom. *Pompey v. Fulmer*, 127 Fed. Appx. 473 (11th Cir. 2005). Also, separate and apart from application of state rules, relation back can be based on Rule 15(c)(1)(B) and (C), particularly in non-diversity, federal-question cases. While there is no federal analogue to Ala. R. Civ. P. 9(h), Rule 15(c)(1)(C) of the Federal Rules of Civil Procedure plainly provides for relation-back of amendments that do nothing more than correct a mis-naming of a party. Under the federal rule, an amendment relates back to the date of the original pleading being amended if

> the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>
> (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
>
> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Thus, it is entirely possible that the correct true name of a defendant fictitiously named in a state-court complaint can be substituted by amendment after the case is removed to federal court, with the amendment relating back to the date of the filing of the original complaint.

*Taylor*, 2017 WL 3009695, at *6 n.5.

> It is well-established that the court's diversity jurisdiction is determined at the time the notice of removal is filed. *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 289, 58 S. Ct. 586, 590, 82 L.Ed. 845 (1938); *See also* 14A Wright, Miller and Cooper, FEDERAL PRACTICE AND PROCEDURE § 3739 at 581 (1985). Furthermore, under the recently amended removal statute, the citizenship of defendants sued under fictitious names should be disregarded for purposes of removal. *See* 28 U.S.C. § 1441(a). However, subsequent to this amendment of the removal statute, courts have found that where a plaintiff's complaint provides a description of a fictitious defendant in such a way that his or her identity cannot reasonably be questioned, the court should consider the citizenship of the fictitious defendant. *Lacy v. ABC Ins. Co.*, No. CIV.A. 95–3122, 1995 WL 688786 at *3 (E.D. La. Nov. 17, 1995); *Brown v. TranSouth Financial Corp.*, 897 F. Supp. 1398, 1401–02 (M.D. Ala. 1995); *Tompkins v. Lowe's Home Ctr., Inc.*, 847 F. Supp. 462, 464 (E.D. La. 1994) (citing *Green v. Mutual of Omaha*, 550 F. Supp. 815, 818 (N.D. Cal. 1982)).

*Marshall v. CSX Transp. Co.,* 916 F. Supp. 1150, 1152 (M.D. Ala. 1995).

Under the foregoing reasoning, § 1447(e) does not apply here. Smith's complaint identifies fictitious parties A, B, and C as including the individuals who assaulted her. Although not identified as Dolgencorp employees, the complaint's inclusion of a claim for negligent supervision suggests that they were. This is a sufficient description of fictitious parties A, B, and C under Rule 9(h) of the *Alabama Rules of Civil Procedure*. *See Taylor,* 2017 WL 3009695 at *6 ("Alabama Rule 9(h) requires a sufficient description of the fictitious defendant to make clear that it is a real person or entity subject to potential liability."). Accordingly, under this analysis, the motion to amend is due to be granted, and this matter is due to be remanded for lack of federal subject-matter jurisdiction.

Moreover, even if the proposed amended complaint's identification of previously-fictitious parties constitutes a joinder of new parties, analysis under § 1447(e) would weigh in favor of amendment and remand nonetheless. First, the purpose of the amendment is to identify the fictitious parties described in the complaint, not merely to defeat federal jurisdiction. As to the second factor, Smith was not dilatory in seeking leave to amend; she filed the motion more than three weeks before the expiration of the deadline to add parties. Next, Smith would be significantly injured if the amendment were not allowed because, absent Sauceda and Cheshire, all but one of Smith's claims would turn on the application of *respondeat superior* liability. A judgment against Dolgencorp here might afford complete relief to Smith, but that is by no means certain. *See Sharp v. Wal-Mart Stores, Inc.*, No. 06-0817, 2007 WL 215644, at *4 (S.D. Ala. Jan. 25, 2007). Finally, judicial economy weighs in favor of remand. If Sauceda and Cheshire were not added as defendants in this matter, Smith's only avenue for protecting the full measure of her interests would be to file a parallel lawsuit in state court. Likewise, while this motion has been pending for some time in this court, "not much has occurred in this case." *Taylor*, 2017 WL 3009695 at *9. Accordingly, under the § 1447(e) analysis, Smith's amendment is due to be allowed, and this matter is due to be remanded. *See id*.

## III. CONCLUSION

For all of the foregoing reasons, Smith's motion is **GRANTED**. Because amendment destroys the only applicable basis of federal subject matter jurisdiction, the Clerk of Court is **DIRECTED** to **REMAND** this matter to the Circuit Court of Calhoun County, Alabama. (Doc. 13).

**DONE** and **ORDRED** this 15th day of August, 2017.

*Staci G. Cornelius*
STACI G. CORNELIUS
U.S. MAGISTRATE JUDGE